# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 20-1434V
UNPUBLISHED

|  |  |
|---|---|
| JANICE E. MAYER,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: April 25, 2023<br><br>Special Processing Unit (SPU); Joint Stipulation on Damages; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Richard H. Moeller, Moore, Heffernan, et al., Sioux City, IA, for Petitioner.*

*James Vincent Lopez, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON JOINT STIPULATION[1]

On October 22, 2020, Janice E. Mayer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") resulting from an influenza vaccine received on September 24, 2018. Petition at 1; Stipulation, filed April 25, 2023, at ¶¶ 2-4. Petitioner further alleges the vaccine was administered in the United States, she suffered residual effects and complications of her condition for more than six months, and Petitioner has never received compensation or filed a civil action, prior to filing this petition, for her vaccine-related injuries. Petition at ¶¶ 3, 23, 30; Stipulation at ¶¶ 3-5. The stipulation further states:

> On May 17, 2021, respondent conceded that petitioner had satisfied the criteria for a GBS Table injury in his Rule 4(c) report. On May 18, 2021, The Chief Special Master issued a Ruling on Entitlement, finding that petitioner

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

is entitled to compensation for a vaccine-related injury. However, based on additional medical evidence provided thereafter, respondent now denies that petitioner sustained a GBS Table injury; denies that the vaccine caused petitioner's alleged injury, or any other injury; and denies that her current condition is a sequela of a vaccine-related injury. Respondent continues to maintain his contrary position, but will not seek review of the Chief Special Master's determination of entitlement upon its memorialization as a reviewable decision.

Stipulation at ¶ 6.

Nevertheless, on April 25, 2023, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

    a.  **A lump sum of $278,320.00, which amount represents compensation for first-year residential care expenses ($60,000.00), pain and suffering ($118,320.00), and past unreimbursable expenses ($100,000.00), in the form of a check payable to Petitioner**; and

    b.  **An amount sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation, paid to the life insurance company from which the annuity will be purchased.**

Stipulation at ¶ 8. These amounts represent compensation for all damages that would be available under Section 15(a). *Id.*

I approve the requested amount for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment in accordance with this decision.[3]

    **IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

JANICE E. MAYER,                          )
                                          )
                 Petitioner,              )
                                          )
        v.                                )
                                          )        No. 20-1434V
SECRETARY OF HEALTH                       )        Chief Special Master Corcoran
AND HUMAN SERVICES,                       )        ECF
                                          )
                 Respondent.              )
                                          )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Janice E. Mayer ("petitioner") filed a petition for vaccine compensation under the

National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine

Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt

of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the

"Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the flu vaccine on September 24, 2018.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she developed Guillain-Barré Syndrome ("GBS") within the

time period set forth in the Table, or in the alternative, that her GBS was caused-in-fact by the

vaccination. Petitioner further alleges that she experienced the residual effects of the alleged

injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages on her behalf as a result of her condition.