# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 20-1434V

(not to be published)

| | |
|---|---|
| JANICE E. MAYER,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: June 6, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Richard H. Moeller,* Moore, Heffernan, et al., Sioux City, IA, for Petitioner.

*James Vincent Lopez,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 22, 2020, Janice E. Mayer filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome resulting from an influenza vaccine received on September 24, 2018. Petition, ECF No. 1. On April 25, 2023, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 53.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $86,726.78 representing ($61,133.10 in attorney's fees and $25,593.68 in costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed Apr. 25, 2023, ECF No. 55.

Petitioner requests a total of $25,593.68 in attorneys' costs. A large sum of this amount ($14,469.39) is for the expert work of Ms. Laura Woodard of ReEntry Rehabilitation Services, Inc., who provided Petitioner with life care planning services. I have reviewed Ms. Woodard's billing records and find that the hours billed (65.25) and the hourly rates of $185 and $225 are reasonable for the work performed in this matter.

In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 55-4.

Respondent reacted to the motion on Apr. 25, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 58. Petitioner filed a reply on Apr. 25, 2023, requesting the Court to proceed to a consideration of and decision on Petitioner's motion. ECF No. 59.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. Furthermore, Petitioner has provided supporting documentation for all claimed costs. ECF No. 55-2. And Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$86,726.78 (representing $61,133.10 for attorney's fees, $25,593.68 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Moore, Corbett, Moeller & Meis, L.L.P.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master
